CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 10 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KATHERINE L. MOTLEY, | ) | CASE NO. 4:05CV00036 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 20, 2003 application for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 34 years old at the time with a seventh grade education, and with past relevant work as a prep/packager, sander, housekeeper and biscuit-maker was insured for disability benefits through December 31, 2003, but not thereafter. (R. at 16, 21.) The Law Judge found that plaintiff suffered carpal tunnel syndrome

(bilateral), neuropathy in her lower extremities and generalized joint pain, which he found to be severe impairments though not sufficiently severe to meet or equal any listed impairment. (R. 21.) Although the Law Judge further found plaintiff unable to perform her past relevant work, he also found that plaintiff retained the residual functional capacity to perform a significant range of light work, so long as that work did not require her to lift more than 20 pounds occasionally and 10 pounds frequently, sit for longer than 2 hours, stand/walk no more than 6 hours in an eight-hour workday or use her hands for repetitive fine and gross manipulative function. (R.21-22.) By application of the Medical-Vocational Guidelines ("grids") as a framework for decision-making, and by reference to some of the evidence offered by a vocational expert (VE), the Law Judge concluded that jobs were available to the plaintiff. (R. 21-22, 363-365.)[1] Thus, he found plaintiff not disabled under the Act.

      The Appeals Council determined there was no basis in the record to review or change the Law Judge's decision, and it denied review. (R.5-7.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

      There is no question on the medical evidence in the extant record that, in 2003 and 2004, plaintiff suffered the effects of carpal tunnel syndrome in both hands for which she has undergone surgical intervention. (See R. 148, 192-193, 195-205, 217,233, 243-247.) In addition, she was twice seen by a psychologist who diagnosed her as suffering "moderate depression" with pain intolerance or low pain threshold. (R. 307-308.)[2] In making the diagnosis, the examining psychologist reported that plaintiff's description of her pain was "a bit exaggerated," that she had no difficulty concentrating, that she was able to mentally focus, and that she could sit and stand

---

[1] The VE testified that the only work a person like plaintiff could do was "something like" a light unskilled lobby attendant, and "possibly" a laundry worker. (R. 365.)

[2] A duplicate of this report also is found at R. 262-263.

2

without apparent discomfort or effort. (R. 307.) There also is evidence that plaintiff has experienced back and neck pain, the cause of which has not been diagnosed, and she has presented on at least one occasion with severe jaw pain caused by an abscess with normal neurological findings. (R. 139-141, 151-152, 154-155.) In the late summer and early fall of 2004, plaintiff was seen for leg pain, swelling and burning on the bottom of her feet, abdominal pain, nausea and headache, swelling in both legs, chest congestion, chest pain resulting from a panic attack, and back pain. (R. 276-277, 288-295.) On August 10, 2004 plaintiff was seen at the Complete Foot Care Center and diagnosed with neuropathy of the heels, legs, thighs and feet, without pain upon palpation of her feet. (R. 310.) The examiner revealed that plaintiff "need[s] a neurologist." (*Id.*)

A VE was present at the hearing. She was examined by the Law Judge about plaintiff's past relevant work, and as best the undersigned can tell, she also offered evidence about alternate gainful activity. The form of the Law Judge's questions on both fronts are of interest. As to plaintiff's past relevant work, the Law judge provided certain hypothetical facts, and then he asked the VE three times whether plaintiff "could do" any of her past relevant work. (R. 360, 362, 363.) Thereafter, several significant questions to the VE were reported as "Inaudible" in the transcript, and the question answered at the final level of the sequential inquiry, again, was couched in terms of what plaintiff "could do." Even then, the VE described the degree of probability that jobs existed for a person like the plaintiff in terms, such as "something like" or "possibly." (R. 363-365.)

Plaintiff seeks summary judgment, and there are two points at the heart of her extensive brief in support of her motion. First, plaintiff does not believe that the Law Judge properly credited the evidence related to her pain, obesity and mental impairments, particularly as they may have combined to present limitations on her work-related capacity. Second, plaintiff contends that the questions posed to the VE by the Law Judge did not contain critical limitations

3

shown by the record including information relating to plaintiff's foot impairment. Plaintiff believes this inadequacy rendered the VE's testimony insufficient as a basis to support the determination that she was not disabled at the final level of the sequential evaluation.

The Commissioner responded on December 20, 2005. She believes the Law Judge's determinations that plaintiff did not have a severe mental impairment, that her obesity did not result in any functional limitations, that her complaints were not totally credible, and that she did not suffer a disabling combination of impairments are supported by substantial evidence. Moreover, the Commissioner offers that the evidence concerning plaintiff's foot impairment was insufficient to establish that any neuropathy suffered by the plaintiff in her lower extremities constituted a severe impairment or had any impact on the Law Judge's functional capacity assessment which he offered the VE in his hypothetical questions.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *see Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). However, whether substantial evidence supports the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See* 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

With this in mind, a Law Judge may not reject a claimant's statements about the intensity of subjective symptoms, such as pain, "solely because the available objective medical evidence does not substantiate [plaintiff's] statements." 20 C.F.R.§§ 404.1529(c)(2) and 416.929(c)(2). No objective evidence of the symptom itself is required, but objective medical

4

evidence must exist of a medically determinable impairment which could reasonably be expected to produce the symptom alleged. 20 C.F.R. §§ 404.1529(a)-(b) and 416.929(a)-(b); *see Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986). In making a determination of a claimant's credibility, or of a claimant's work-related capacity, which decisions are committed to the administrative fact finder, the Law Judge regulatorily is required to give controlling weight to the evidence offered by treating sources unless there is substantial evidence to the contrary. 20 C.F.R. §§ 404.1527(d) and 416.927(d). Should the Law Judge elect not to give controlling weight to treating source evidence and rely upon evidence from the non-treating or non-examining state agency consultants, the Law Judge must provide an explanation and give the reasons for doing so. 20 C.F.R. §§ 404.1527(f)(ii) and 416.927(f)(ii).

Furthermore, where the claimant has proved an inability to perform his/her past relevant work, the Law Judge is then charged under the regulations with determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545-1546 and 416.945-946. At this level of the sequential analysis, the burden of production shifts to the Commissioner to come forward with evidence that alternate gainful activity is available in significant numbers to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Should non-exertional limitations be present, the Commissioner is not permitted to discharge her burden of production by solely relying on the grids, but instead, she must obtain evidence from a vocational expert. 20 C.F.R. §§ 404.1569 and 416.969, Appendix II, § 200.00(e). A VE is not permitted to render opinions about a claimant's ability to perform work-related tasks, but may opine on the nature and extent of a claimant's past relevant work and on whether jobs are available in the economy for a person with the claimant's impairments and their effects. 20 C.F.R. §§404.1560-1569a and 416.960-969a; *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996). In turn, for that vocational evidence to be relevant, the Law Judge must pose proper questions to the VE which

5

include all of plaintiff's impairments and their effects which are shown by the substantial evidence. *Walker*, 889 F.2d at 50. Otherwise, the Commissioner will not be seen as having discharged her burden of production at that level of the sequential process.

        The undersigned agrees with the Commissioner that the Law Judge's determination about plaintiff's psychological condition and her credibility concerning the nature and extent of pain she experiences is not supported by the substantial evidence. The report of the plaintiff's own examining psychologist provides a basis upon which the Law Judge could have concluded that plaintiff did not suffer a mental impairment which impacted her ability to perform work-related tasks, and it certainly goes a long way in suggesting that plaintiff's subjective symptoms were exaggerated. Thus, when coupled with the state agency reports of fiunctional capacity, the Law Judge reasonably could have determined that plaintiff's limitations were not as great as she claimed.

        For several reasons, however, that does not end the inquiry here for the undersigned has concerns about whether there has been an adequate adjudication of plaintiff's claim at the final sequential level. First, the Law Judge seems to have charged the VE with the responsibility of rendering an opinion on whether plaintiff "could do" (i.e. could perform)either her past relevant or any alternate work. According to the referenced decisional authorities, that is the purpose for which a VE is called at that level of the evaluation, and to the extent such a purpose crept into the inquiry of the VE by the Law Judge, legal error was committed. Second, and as the plaintiff has pointed out, at least one vocational factor was omitted from the Law Judge's questions to the VE, and nothing was presented to the VE relating to the functional impact of any lower extremity neuropathy on the availability of jobs to the plaintiff, irrespective of whether such a condition rose to the level of a severe impairment. Moreover, the full nature and vocational effects of plaintiff's lower extremity neuropathy are relevant to whether alternate work is available to the plaintiff and

6

because this has not been more fully fleshed out in the evidence, there has been an inadequate adjudication of the claim at the final sequential level. In other words, good cause has been shown to the need for further proceedings in which those issues could be further developed.

In the end, the undersigned cannot find that the Commissioner's final decision is supported by substantial evidence but does find good cause to remand the case to the Commissioner. Accordingly, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings. The remand order should direct that should the Commissioner be unable to grant benefits on the current evidence, the case is to be recommitted to a Law Judge to conduct supplemental evidentiary proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk also is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

1/10/06
DATE

7